## MITCHELL v. REDUS.

### Opinion delivered May 31, 1920.

1. SPECIFIC PERFORMANCE—ILLEGAL CONSIDERATION.—An executory agreement by defendant to convey certain land to plaintiff on condition that plaintiff would not prosecute defendant for carnal abuse of her daughter or sue him for damages *held* illegal and not enforceable.

2. SPECIFIC PERFORMANCE—PART PERFORMANCE.—An oral agreement by defendant to convey land to plaintiff will not be enforced though plaintiff was put in possession and made repairs amounting to $2 or $3, as such repairs were too inconsequential to be classed as valuable and permanent.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. A. Weas* and *Gardner K. Oliphint,* for appellant.

1. The contract to convey is fully established by the evidence and defendant made a gift of the property to appellant and she was entitled to specific performance. Authorities will be cited in oral argument.

2. The agreement to convey was fully established; there was a sufficient consideration, and the agreement

to convey was not against public policy. 110 N. W. 840; 9 L. R. A. (N. S.) 508, 513; 25 R. C. L., par. 1920, pp. 220-1; Pomeroy on Cont., p. 193, § 137. Specific performance should have been granted. 21 Ark. 110; 30 *Id.* 547. See, also, 136 Ark. 447, 452; 79 *Id.* 100; 30 *Id.* 249-262; 126 *Id.* 541; 82 *Id.* 33; 25 R. C. L. 551, par. 142. Specific performance should have been decreed.

*John M. Rose,* for appellee.

1. The agreement to convey, if actually made, was wholly void and against public policy. 102 Ark. 326.

2. The alleged agreement was oral and within the statute of frauds, but there are exceptions which take it out of the statute. 25 R. C. L. 261-264. The evidence must be clear, convincing and conclusive. 39 Ark. 424; 32 *Id.* 478. A refusal to grant plaintiff specific performance could not have amounted to fraud. She should have sued at law for damages. 75 Ark. 526. The possession taken was not sufficient to take the case out of the statute of frauds. The chancellor was correct in his findings, and they should not be disturbed, as they are sustained by the evidence. Specific performance was clearly within the discretion of the chancellor, and the decree is sustained by a clear preponderance of the evidence. 125 Ark. 589; 103 *Id.* 551.

HUMPHREYS, J. Appellant instituted suit against appellee, on the 28th day of July, 1919, in the Pulaski Chancery Court, to require him to execute her a deed to lots seven and eight, block 6, Ratterree's Addition to Argenta, Arkansas, in accordance with an alleged agreement to that effect between them.

Appellee filed answer, denying that he had agreed to convey the lots to her.

The cause was submitted to the court upon the pleadings and evidence, which resulted in a dismissal of appellant's bill for want of equity. From that decree an appeal has been duly prosecuted to this court.

The undisputed evidence showed that appellee, a married negro man, employed a negro girl, twelve years

of age, in May, 1915, daughter of appellant, to work in his rooming house in Argenta; that she remained in his employ a number of months, and, during that time, gave birth to a boy child, who bears the name of appellee.

The testimony of appellant tended to show that appellee assumed responsibility for the pregnancy of the girl and voluntarily agreed to convey said property to appellant when he paid it out, and, in the meantime, to keep it in repair, if appellant would not prosecute him for carnal abuse or sue him for damages; that she agreed to the proposal, and, pursuant to the agreement, was placed in the possession of the property, where she has since continuously resided with her family, including the girl and child; that, during the occupancy, appellee paid the taxes, kept the property in repair and made permanent improvements thereon, appellant expending two or three dollars, only, for repairs on the roof; that appellee never collected any rent from her or demanded any until a short time before the institution of the suit; that appellee then attempted to sell the property to a third party and demanded possession thereof.

Appellee's testimony tended to show that he was not the father of the child; that he never assumed responsibility for it; that he never promised to convey the property to the appellant to prevent her from prosecuting or suing him; that he never placed her in possession thereof under a contract to convey it to her when he paid for it, but, on the contrary, placed her in possession under a contract of tenancy, which remained in force until the institution of this suit.

It is unnecessary to analyze and determine in whose favor the evidence preponderates in order to adjudge the issues involved in this appeal. Giving the evidence of appellant full credence, it shows either that she was placed in possession of the property under promise to convey it to her, on condition she would not prosecute appellee for carnal abuse or sue him for damages; or else, under a voluntary oral gift. A court of equity will not enforce specific performance in either case. First: "Any con-

tract, the consideration of which, in whole or in part, is to conceal a crime or to stifle a prosecution therefor, is illegal and void, though it may represent a just debt and security for its payment." *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326. Appellant's evidence carries an admission that the consideration, in part, for the sale and seizin of the lots was to stifle a prosecution for carnal abuse. This necessarily rendered the contract void and nonenforceable as against public policy. Second: "A parol gift of land will not be enforced unless followed by possession and by valuable and substantial improvements made by the donee, or unless there are some other special facts which would render the failure to complete the donation peculiarly inequitable." *Young* v. *Crawford,* 82 Ark. 33. The evidence is entirely barren of special facts in relation to the property, or its occupancy, which would render the failure to complete the donation peculiarly inequitable and unjust. Likewise, the betterments placed upon the property by appellant were too inconsequential to be classed as valuable and permanent.

No error appearing, the decree is affirmed.